UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-112 SI |
| Plaintiff, | **ORDER RE: DISCOVERY REQUEST** |
| v. | |
| YOHANNES GEBREZGIE, | |
| Defendant. | |

On June 6, 2012, defendant Yohannes Gebrezgie filed a "Motion to Request Subpoena for Electronically Stored Information Pursuant to Fed. R. Civ. P. 34(a)." Dkt. 21. Defendant seeks phone records related to an April 26, 2012 phone call between him and his attorney, Geoffrey Hanson of the Federal Public Defenders Office in San Francisco. In his discovery request, defendant argues that he needed the information in preparation for a then-forthcoming habeas petition pursuant to 28 U.S.C. § 2255. Defendant has since filed that petition. Dkt. 24. In his petition, defendant argues that he received ineffective assistance of counsel when Hanson allegedly failed to hold the federal government to its promise to request that state prosecutors dismiss defendant's state court charges. *Id.* at 5-7. The phone records purportedly pertain to a conversation between defendant and Hanson about the state criminal charges. Mot. to Request Subpoena at 2. The government has since filed an opposition to defendant's discovery request, but has yet to file an opposition to defendant's habeas petition. Dkt. 26.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "[D]iscovery is available only in the discretion of the court and for good cause shown." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir.1999). Good cause exists "where specific allegations before the court show reason to believe

that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908.

Briefing is not yet complete on petitioner's habeas petition. At this time, it is unclear whether there is reason to believe that petitioner is entitled to relief, even assuming the truth of his allegations. The Court therefore DENIES WITHOUT PREJUDICE defendant's request. If the Court finds, following briefing of this matter, that a more factually developed record is necessary, the Court may amend this order or request further information.

**IT IS SO ORDERED.**

DATED: July 16, 2012

SUSAN ILLSTON
United States District Judge

2